IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DEWAYNE McHENRY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-1910-P-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner James DeWayne McHenry, a Texas prisoner, has filed an application to proceed *in forma pauperis* in this habeas case brought under 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

In 1987, petitioner was convicted of capital murder and sentenced to life imprisonment. No appeal was taken. Instead, petitioner challenged his conviction and sentence on collateral review in state and federal court. Four state writs were denied without written order. *Ex parte McHenry*, WR-07,815-03 (Tex. Crim. App. Nov. 23, 1988); *Ex parte McHenry*, WR-07,815-04 (Tex. Crim. App. Dec. 13, 1989); *Ex parte McHenry*, WR-07,815-05 (Tex. Crim. App. Jul. 11, 1990); *Ex parte McHenry*, WR-07,815-06 (Tex. Crim. App. Apr. 6, 1994). Three other state writs were dismissed for abuse of the writ. *Ex parte McHenry*, WR-07,815-07 (Tex. Crim. App. May 31, 2000); *Ex parte McHenry*, WR-07,815-08 (Tex. Crim. App. Oct. 10, 2007); *Ex parte McHenry*, WR-07,815-09 (Tex. Crim. App. Jun. 9, 2010). One federal writ was dismissed without prejudice for failure to exhaust

state remedies. *McHenry v. Texas Dept. of Criminal Justice*, No. 3-91-CV-0213-R (N.D. Tex. Dec. 8, 1992), *aff'd as modified*, 12 F.3d 1097 (Table), 1993 WL 543274 (5th Cir. Dec. 14, 1993). Another federal writ was denied on the merits. *McHenry v. Johnson*, No. 3-94-CV-1255-T (N.D. Tex. Dec. 30, 1996). Undeterred, petitioner has filed yet another section 2254 proceeding in federal court. Process has been withheld pending a determination of his *in forma pauperis* status.

II.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 109 S.Ct. 364 (1988). The amount of money available to an inmate in his prison trust account or from other sources should be considered. *See id.*; *Braden v. Estelle*, 428 F.Supp. 595, 601 (S.D. Tex. 1977).

Petitioner has submitted a certified copy of his inmate trust account statement which shows that he currently has $68.26 on deposit with prison officials. Over the past six months, $450.00 has been deposited into his inmate trust account. The filing fee for a habeas petition is $5.00. 28 U.S.C. § 1914(a). The court concludes that petitioner is able to pay this fee without causing undue financial hardship. *See also* MISC. ORDER 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account or other resources exceed $50.00).

### RECOMMENDATION

Petitioner's application to proceed *in forma pauperis* [Doc. #5] should be denied. If petitioner fails to pay the $5.00 statutory filing fee within 20 days after this recommendation is

adopted by the district judge, this case should be dismissed without further notice.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 29, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that petitioner's federal writ is successive. As a result, petitioner cannot maintain this action in federal district court without the approval of a three-judge panel of the court of appeals. *See* 28 U.S.C. § 2244(b)(3). If petitioner elects to pay the $5.00 statutory filing fee, the magistrate judge intends to recommend that this case be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.